FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 15 2010

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Silverton Mortgage Specialists, Inc., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:09-cv-01583-JOF |
| Silverton Financial Services, Inc., et al., | : |
| Defendants. | : |
| AND | : |
| Silverton Mortgage Specialists, Inc., | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : 1:10-cv-00890-JOF |
| Silverton Bank, N.A., et al., | : |
| Defendants. | : |

## OPINION & ORDER

In Civil Action No. 09-CV-1583, this matter is before the court on Defendant Silverton Bridge Bank's motion to set aside default [24].

In Civil Action No. 10-CV-890, this matter is before the court on Defendants' motion to substitute the FDIC-R for Defendant Silverton Bank, N.A. as the real party in interest, or in the alternative to dismiss Silverton Bank, N.A. [8].

## I. Background

In Civil Action No. 09-CV-1583, Plaintiff, Silverton Mortgage Specialists, Inc., filed suit against Defendants Silverton Bank, N.A., Silverton Financial Services, Inc., Silverton Capital Corporation, and Silverton Bridge Bank, N.A., on June 12, 2009. Plaintiff alleged a series of trademark-related claims arising out of Defendants' use of the SILVERTON mark. On May 1, 2009, the Federal Deposit Insurance Corporation (FDIC) had been appointed as the Receiver for Silverton Bank, N.A. On July 13, 2009, the FDIC-R filed a motion to stay all proceedings pending exhaustion of administrative remedies. Rather than address the issue of exhaustion, Plaintiff filed a Notice of Voluntary Dismissal as to Defendant Silverton Bank. (Plaintiff re-filed its claims against Silverton Bank in Civil Action No. 10-CV-890 which will be addressed below).

As to the remaining defendants, Plaintiff began attempts to reach a settlement and on March 26, 2010, the parties (excluding Silverton Bank) presented a proposed final judgment against Defendant Silverton Financial Services, Inc. and Silverton Capital Corporation based on a Settlement Agreement reached on February 1, 2010. *See* Civil Action No. 09-CV-1583,

Docket Entry No. 23. In a separate order, the court approved the Final Judgment Upon Consent.

At the same time Plaintiff submitted the proposed final judgment against Defendant Silverton Financial Services, Inc. and Silverton Capital Corporation, Plaintiff filed a motion for Clerk's Entry of Default against Defendant Silverton Bridge Bank, N.A. under Rule 55(a). The Clerk of the Court entered default on March 24, 2010. Shortly thereafter, Defendant Silverton Bridge Bank filed the instant motion to set aside default.

Joseph F. Bush, Jr., President of Silverton Bridge Bank, filed a declaration in connection with the motion to set aside default. Mr. Bush stated that Silverton Bridge Bank is a temporary, but full-service national bank chartered by the Office of the Comptroller of the Currency ("OCC") and organized by the FDIC to take over and maintain banking services for the customers of Silverton Bank, N.A. *See* Bush Decl., ¶ 3. Silverton Bridge Bank was chartered by the OCC on May 1, 2009, the same day that Silverton Bank failed. *Id.* "The specific purpose for the formation of Silverton Bridge [Bank] was to either find a buyer or to migrate Silverton Bank's customers (that were themselves banks) to other 'banker's banks.' Silverton Bank was a 'banker's bank,' whose only customers were other banks, not consumers or companies." *Id.*, ¶ 4.

Mr. Bush states that Silverton Bridge Bank learned of the suit on June 23, 2009, when it was served, but that Silverton Bank was also a named defendant at that time. *Id.*, ¶ 5.

Silverton Bridge Bank knew that Plaintiff would not be able to prosecute its claims against Silverton Bank until Plaintiff had exhausted its administrative remedies through the FDIC. *Id.*, ¶ 6. Silverton Bridge Bank was originally to be dissolved in December 2009, but this date was moved back to February 10, 2010 because the FDIC believed that immediate liquidation would disrupt the operations of the banking customers. *Id.*, ¶ 7. The proposed date for relinquishing the charter was again pushed back because of questions relating to corporation authority requiring the FDIC Board of Directors to formally approve Silverton Bridge Bank's dissolution. *Id.*, ¶ 8. The FDIC Board of Directors has before it a recommendation to approve dissolution, but has not yet done so. *Id.*, ¶ 9. When the dissolution occurs, the OCC will name the FDIC as Receiver for Silverton Bridge Bank. *Id.*

Because Silverton Bridge Bank was a temporary entity to facilitate the FDIC's receivership of Silverton Bank and knowing that Silverton Bank and the FDIC-R would move to stay the litigation pending exhaustion of administrative remedies, Silverton Bridge Bank "decided not to incur the unnecessary cost of defending this civil action, which would only serve to deplete its limited funds, and ultimately limit the recovery of expenditures by the FDIC's Deposit Insurance Fund." *Id.*, ¶ 10. Silverton Bridge determined that it would not file an answer. *Id.*, ¶ 11.

4

## II.   Discussion

### A.   Motion to Set Aside Default

In the instant motion, Defendant Silverton Bridge Bank asks the court to set aside the default noting that it moved to set aside the default promptly after it was entered. Referring to the unique circumstances of its temporary position and the entry of Silverton Bank N.A. into receivership under the FDIC, Silverton Bridge Bank also argues that it has not intended to flaunt the judicial proceedings and that it has meritorious defenses to Plaintiff's complaint. Finally, Defendant contends that public policy favors resolving cases on the merits and Plaintiff will not be prejudiced if the default is set aside because the case is in its early stages.

Plaintiff responds that Silverton Bridge Bank has not shown good cause to set aside the default because it was aware of the complaint at the time it was filed and made the strategic decision not to respond. Because this was willful, Plaintiff argues, the court should not set aside the default. Plaintiff states that Silverton Bridge Bank has only submitted boilerplate defenses and has not demonstrated whether they are meritorious. Finally, Plaintiff argues that it will be prejudiced by setting aside the default because Silverton Mortgage would have to incur expenses in prosecuting a lawsuit where Silverton Bridge Bank has defaulted and failed to raise meritorious defenses.

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." "Good cause" is a mutable standard that varies from situation to situation and is not subject to a precise formula, but it is not "so elastic as to be devoid of substance." *Compania Interamericana Export-Import v. Compania Dominicana de Aviacion*, 88 F.3d 948, 950-51 (11th Cir. 1996). The court may consider (1) whether the party has a meritorious defense, (2) how promptly the party acted to cure the default, (3) whether the default was willful, and (4) whether the non-defaulting party would be prejudiced. These factors are not "talismanic," however, and courts have examined a number of others. *Id.* at 951. Whatever factors are employed, the court's overriding concern is the strong public policy in favor of determining cases on their merits. *See Fla. Phy.'s Ins. v. Ehlers*, 8 F.3d 780 (11th Cir. 1993) (*citing Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984)). "The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default." *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990); *accord Okehi v. Security Bank of Bibb County*, 199 F.R.D. 388, 392 (M.D. Ga. 2001) (Fitzpatrick, J.).

The court finds that the circumstances of these two cases are unique. Both sides have made strategic decisions for reasons related to the role of the FDIC in the litigation. For example, Plaintiff voluntarily dismissed Silverton Bank, N.A. from Civil Action No. 09-CV-

1583 and re-filed the same complaint against Silverton Bank, N.A. in Civil Action No. 10-CV-890. In the instant case, Silverton Bridge Bank looked practically at the status of the litigation owing to the fact that it was a temporary bank chartered by the Office of the Comptroller of the Currency to assist in maintaining banking services for Silverton Bank customers. Further, Silverton Bridge Bank knew that the FDIC had been appointed as Receiver for Silverton Bank. Under these circumstances, the court finds that the decision to forego filing an answer was not willful flaunting of the judicial process. Silverton Bridge Bank did act promptly to correct the default and the court's review of Silverton Bridge Bank's proposed defenses shows several at least colorable claims. Plaintiff's argument that it would be prejudiced by a set-aside because it would have to incur expenses in prosecuting a case that had been subject to default is without merit because that would bar the court from setting aside a default under all circumstances.

The court emphasizes that its decision is driven by the unique procedural posture of this case and the role of the FDIC and the OCC, as well as Silverton Bridge Bank's unique temporary status. There obviously will be some cases where a party who receives service of a lawsuit and decides not to answer will not succeed in asking the court to set aside a default. Here, however, the court's review of the facts and circumstances of this litigation, as well as Civil Action No. 10-CV-890 counsel that it will be in the interest of judicial

AO 72A
(Rev.8/82)

fairness and efficiency to GRANT Defendant Silverton Bridge Bank's motion to set aside default [24].

## B. Motion to Dismiss

As the court stated above, Plaintiff re-filed its trademark action against Defendant Silverton Bank, N.A. in Civil Action No. 10-CV-890. The FDIC filed the instant motion to dismiss asking the court to either substitute the FDIC-R as the real party in interest for Defendant Silverton Bank or because the FDIC-R is already a named Defendant, for the court to dismiss Defendant Silverton Bank as a named Defendant altogether. The FDIC-R states that pursuant to 12 U.S.C. § 1821(d)(2)(A)(i), it has succeeded to all rights, titles, powers, and privileges of Silverton Bank. Plaintiff opposes this motion arguing that despite the fact that the FDIC closed Silverton Bank on May 1, 2009, Silverton Bank's website continues to use the "SILVERTON" mark without Plaintiff's consent. Plaintiff further asserts that the FDIC has not agreed that it has assumed the liabilities of Silverton Bank, N.A.

In its complaint, Silverton Mortgage claims it has brought the action against Silverton Bank and the FDIC pursuant to 12 U.S.C. § 1821(d)(6). *See* Cmplt., ¶ 5. Plaintiff also seeks various injunctive relief against both Silverton Bank and the FDIC. *See* Cmplt., Prayer for Relief, at 17-18. The court notes that claims under § 1821(d)(6) may include claims brought against the receiver itself and not just claims for which the receiver stands in the shoes of

8

the failed depository institution. *See, e.g., Stamm v. Paul*, 121 F.3d 635, 639-42 (11th Cir. 1997) (holding that under § 1821(d)(6), RTC could review post-receivership claims based on RTC's actions as receiver).

Based on the argument made in opposition to the FDIC's motion to dismiss, the court presumes that Plaintiff will argue the FDIC's alleged continued use of the mark "SILVERTON" violates Plaintiff's trademark rights. The court presumes this would constitute a claim against the FDIC in its capacity as a receiver. Additionally, Plaintiff's complaint encompasses the actions of Silverton Bank in using the "SILVERTON" marks prior to its failure on May 1, 2009. Those are claims for which the receiver stands in the shoes of the failed institution.

But there is no dispute that as to Plaintiff's claims against Silverton Bank for actions taken prior to May 1, 2009, the FDIC-R has stepped into the shoes of Silverton Bank and has assumed the assets and liabilities of the bank, to the extent described under the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA). For a general description of the process of taking over and potentially liquidating a failed bank, *see generally Texas American Bancshares, Inc. v. Calrke*, 954 F.2d 329, 333 (5th Cir. 1992). Because of this, there appears to be no reason to retain Defendant Silverton Bank, N.A. in the litigation. Thus, the court substitutes the FDIC-R as the real party in interest for Defendant Silverton Bank and DISMISSES Defendant Silverton Bank from the litigation.

### C. Consolidation

The court finds that Civil Action No. 09-CV-1583 and Civil Action No. 10-CV-890 are related and in the interest of judicial efficiency, should be consolidated for the purposes of discovery. The parties are DIRECTED to file all pleadings in these matters in Civil Action No. 09-CV-1583. The Clerk of the Court is DIRECTED to ADMINISTRATIVELY CLOSE Civil Action No. 10-CV-890.

## III. Conclusion

In Civil Action No. 09-CV-1583, the court GRANTS Defendant Silverton Bridge Bank's motion to set aside default [24]. The Clerk of the Court is DIRECTED to file Defendant's answer as of the date of this order.

The Clerk of the Court is DIRECTED to CONSOLIDATE Civil Action No. 09-CV-1583 and Civil Action No. 10-CV-890 and ADMINISTRATIVELY CLOSE Civil Action No. 10-CV-890.

The Clerk of the Court is DIRECTED to DISMISS Defendant Silverton Bank.

**IT IS SO ORDERED** this 15-8 day of June 2010.

J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)